IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BYRON WHITE, | § | |
| | § | No. 123, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1802004471 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 24, 2023
Decided: May 25, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Byron White, appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). After careful consideration, we affirm the Superior Court's judgment.

(2) In 2018, White pleaded guilty to two counts of third-degree rape. Following a presentence investigation, the Superior Court sentenced White to an aggregate of fifty years of imprisonment, suspended after four years for three years of Level III probation. White did not appeal his convictions or sentence.

(3) In November 2021, White's probation officer filed a VOP report, alleging that White had failed to comply with the special conditions of his supervision because he (i) had been discharged from two separate sex-offender treatment programs for non-compliance, (ii) was in possession of pornography, and (iii) was accessing the internet without permission. Following a contested VOP hearing on March 15, 2022, the Superior Court found that White had violated the terms of his probation and re-sentenced him to 46 years of incarceration, suspended after the successful completion of the Transitions Sex Offender Program for three years and six months of decreasing levels of supervision. This appeal followed.

(4) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[1] Specifically, the Superior Court need only be satisfied that "the probationer's conduct has not been as good as required under the conditions of probation."[2] Once the Superior Court determines that a defendant has violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[3]

(5) In his opening brief on appeal, White does not dispute that he violated the terms of his probation or challenge the legality of his VOP sentence. Instead,

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Id.*
[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

White argues that the Superior Court judge erred by failing to recuse himself despite having a personal relationship with White and making certain statements during the VOP hearing that reflected his bias against White. White also argues that the Superior Court improperly denied his motion for transcripts at State expense. In response to White's opening brief, the State filed a motion to affirm under Supreme Court Rule 25(a). The Court denied the State's motion and ordered the State to provide the Court with a copy of the March 15, 2022 VOP hearing. The State complied and included the transcript of the VOP hearing in the appendix to its answering brief.

(6) Having carefully reviewed the March 15, 2022 VOP hearing transcript, it does not support White's claim that the Superior Court judge knew White or his family personally or that the judge exhibited any bias against White. It is also clear from the record that White did not ask the Superior Court judge to recuse himself in the first place, belying White's claim that the Superior Court judge was "on notice" that he had a conflict of interest.[4] Simply put, White's claims regarding judicial bias are not supported by the record.

(7) In his reply brief, White argues for the first time, among other things, that he did not violate the terms of his probation and that the State's witnesses at the

---

[4] Opening Br. at 9.

VOP hearing fabricated their testimony.[5]  This Court's rules provide that an appellant waives any argument not raised in the body of his opening brief.[6]  In any event, having reviewed the transcript of the contested VOP hearing as well as the State's exhibits that were admitted into evidence, we conclude that the evidence was sufficient to affirm the Superior Court's finding that White had violated the terms of his probation.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] White also contends that the special condition of his probation that he could not have unauthorized access to the internet (the "internet ban") violates the United States Supreme Court's holding in *Packingham v. North Carolina*, 582 U.S. 98 (2017).  This claim is without merit.  Here, the internet ban applied to White only during the term of his probation; in *Packingham*, the Supreme Court held that a blanket prohibition on *all* registered sex offenders (including those who were no longer under the supervision of the Department of Correction) from accessing the internet violated the First Amendment's Free Speech Clause.

[6] Del. Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); Del. Supr. Ct. R. 14(c)(i) ("Appellant shall not reserve material for reply brief which should have been included in a full and fair opening brief.").